**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| United States of America, | ) | |
|---|---|---|
| | ) | **ORDER DENYING** |
| Plaintiff, | ) | **DEFENDANT'S MOTION TO** |
| | ) | **REDUCE AND MODIFY SENTENCE** |
| vs. | ) | |
| | ) | Case No. 4:05-cr-039 |
| Jarrado Jones, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion to Reduce and Modify Sentence for Good Cause" and "Motion for Appointment of Counsel" filed on November 28, 2011. See Docket Nos. 23 and 24. On March 14, 2012, the Government filed a response in opposition. See Docket No. 27. For the reasons set forth below, the Court denies the Defendant's motions.

**I.    BACKGROUND**

On April 27, 2005, defendant Jarrado Jones was charged with two counts of possession of controlled substances with the intent to distribute, one count of possession of a firearm by a felon, and one count of use of a firearm during a drug trafficking crime. See Docket No. 1. On June 27, 2005, Jones and the Government entered into a plea agreement. See Docket No. 13. Under the plea agreement, Jones agreed to plead guilty to one count of possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and the Government agreed to dismiss the three other counts in the Indictment. See Docket No. 13, pp. 1, 6. The plea agreement provided that the base offense level was 32, that a 2-level upward adjustment applied because Jones possessed a dangerous weapon during the commission of the crime, and that

1

the Government would recommend a 2-level downward adjustment for acceptance of responsibility and move for an additional 1-level downward adjustment for timely notifying the Government of Jones's intention to plead guilty. See U.S.S.G. §§ 2D1.1(c)(4) (2004) (providing base level of 32 for "[a]t least 50 G but less than 150 G of Cocaine Base[.]"); 2D1.1(b)(1) (2004) (2-level upward adjustment for possession of dangerous weapon); 3E1.1 (2004) (providing downward adjustments for acceptance of responsibility and timely notice of intent to plead guilty). Accordingly, the parties contemplated an adjusted offense level of 31 and a criminal history category of VI which would result in a sentence range of 188-235 months. See Docket No. 13, p. 6.

On June 29, 2005, the Court accepted Jones's guilty plea. See Docket No. 16. On September 20, 2005, the Court held a sentencing hearing. See Docket No. 19. The Court determined that the Presentence Investigation Report established that Jones was a "career offender" due to his criminal history which included two felony controlled substance offenses in Illinois state court.[1] U.S.S.G. § 4B1.1(a) (2004) (providing criteria for career offender). Because the Court determined Jones was a career offender, the base offense level became 37 with a criminal history category of VI because, at the time of sentencing, the statutory maximum penalty for possession with intent to distribute 50 grams of cocaine base under 21 U.S.C. § 841(b)(1)(A) was a life sentence. See 21 U.S.C. § 841(b)(1)(A) (2002) (providing that a person found guilty of possession of 50 grams or more of cocaine base with the intent to distribute ". . . shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ."). The Court granted

---

[1] At the time of sentencing, Jones had two felony drug convictions in Illinois state court. On January 20, 1993, Jones was arrested and charged with "Possession of a Controlled Substance with Intent to Deliver." See Presentence Investigation Report, p. 7. Jones was found guilty of the charge after a jury trial. On April 25, 2002, Jones was arrested and charged with "Manufacture-Delivery of a Controlled Substance." See Presentence Investigation Report. p. 10. Jones pled guilty to the offense and was sentenced to 3 years imprisonment.

a 3-level downward adjustment for Jones's acceptance of responsibility which resulted in the adjusted offense level to 34. See U.S.S.G. § 3E1.1 (2004); Exhibit B. Redacted Statement of Reasons.

Jones also moved for a downward departure under U.S.S.G. § 4A1.3(b) which provides for a limited downward departure if Jones's criminal history over-represents the seriousness of Jones's criminal history. The Government did not object to the motion. The Court granted the motion which reduced Jones's criminal history to a category V. See U.S.S.G. § 4A1.3(b)(3)(A) (limiting the downward departure for career offender to a decrease of one criminal history category). Jones's adjusted offense level of 34 and criminal history category of V resulted in an advisory Sentencing Guidelines range of 235-293 months. The Court sentenced Jones to a term of imprisonment of 235 months. See Docket No. 19.

On November 28, 2011, Jones filed a "Motion to Reduce and Modify Sentence for Good Cause." See Docket No. 24. Jones contends the Court should reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the recent amendments to the Sentencing Guidelines.

On November 28, 2011, Jones filed a "Motion for Appointment of Counsel." See Docket No. 23. Jones contends the Court has authority to appoint counsel to help him with the motion to reduce his sentence pursuant to 18 U.S.C. § 3006A and the Sixth Amendment of the United States Constitution.

## II. MOTION TO APPOINT COUNSEL

Jones contends the Court should appoint counsel for his motion to reduce or modify his sentence under the Sixth Amendment or 18 U.S.C. § 3006A. The Eighth Circuit Court of Appeals has held that a defendant has neither a constitutional nor a statutory right to counsel in a sentence modification proceeding under 18 U.S.C. § 3582(c)(2). United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009). The Court denies Jones's motion to appoint counsel.

## III. MOTION TO REDUCE AND MODIFY SENTENCE

Jones submitted a motion to reduce or modify his term of imprisonment under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. When a motion under 18 U.S.C. § 3582(c)(2) is presented, the district court must "begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." United States v. Burrell, 622 F.3d 961, 963 (8th Cir. 2010) (quoting Dillon v. United States, 560 U.S. --, 130 S. Ct. 2683, 2687 (2010)). Then the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Burrell, 622 F.3d at 963.

U.S.S.G. § 1B1.10 establishes the procedure concerning motions to reduce a sentence due to an amendment to the Sentencing Guidelines. Although the Sentencing Guidelines are generally advisory under United States v. Booker, 543 U.S. 220 (2005), the procedure set forth under U.S.S.G. § 1B1.10 is mandatory. See Dillon, 130 S. Ct. at 2691 ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); see also United States v. Starks, 551

4

F.3d 839, 841-43 (8th Cir.), cert. denied, 129 S.Ct. 2746 (2009) (holding the policy statement under U.S.S.G. § 1B1.10 is mandatory). Section 1B1.10 provides that, in general, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1) (2011).

U.S.S.G. § 1B1.10(c) lists amendments which permit a sentence reduction, which includes amendment 750. Amendment 750 modified the Drug Quantity Table found in U.S.S.G. § 2D1.1, which in general resulted in lower base offense levels for crack cocaine related crimes. See U.S.S.G. App. C - Vol. III, Amendment 750, at 392-94; U.S.S.G. § 2D1.1(c) (2011). Amendment 750 did not modify U.S.S.G. § 4B1.1, the career offender provisions.

At the original sentencing hearing in this matter, the Court determined Jones was a career offender under U.S.S.G. § 4B1.1 and sentenced him pursuant to the career offender Sentencing Guideline range. Although amendment 750 generally reduced the base offense level for crack cocaine offenses under U.S.S.G. § 2D1.1, there has been no amendment to the career offender provisions since Jones was sentenced. The Eighth Circuit Court of Appeals has consistently held that a defendant is ineligible for a sentence reduction when, as here, the defendant was originally sentenced as a career offender and the career offender provisions remain unchanged since sentencing. United States v. Tolliver, 570 F.3d 1062, 1066-67 (8th Cir. 2009); United States v. Thomas, 524 F.3d 889, 889-90 (8th Cir. 2008); United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam). Accordingly, the Court finds that the Jones is ineligible for a sentence reduction because the applicable Sentencing Guideline range established under U.S.S.G. § 4B1.1, the career offender provision, has not been lowered as a result of an amendment to the Sentencing Guidelines.

5

All circuit courts of appeals have addressed the career offender scenario with regard to a retroactive amendment to the crack Sentencing Guideline, and all are unanimous that relief is unavailable.  See United States v. Caraballo, 552 F.3d 6, 10-11 (1st Cir. 2008); United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010); United States v. Mateo, 560 F.3d 152, 154-56 (3d Cir. 2009); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010); United States v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009) (per curiam); United States v. Perdue, 572 F.3d 288, 292-93 (6th Cir. 2009); United States v. Forman, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam); Tingle, 524 F.3d at 840 (8th Cir. 2008); United States v. Wesson, 583 F.3d 728, 731-32 (9th Cir. 2009); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1327-30 (11th Cir. 2008); United States v. Berry, 618 F.3d 13, 16-18 (D.C. Cir. 2010).

## IV.     CONCLUSION

The Court has carefully reviewed the entire record and relevant case law.  For the reasons set forth above, the Court **DENIES** Jones's "Motion For Appointment of Counsel" (Docket No. 23) and "Motion to Reduce and Modify Sentence for Good Cause" (Docket No. 24).

Dated this 28rd day of  March, 2012.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court